UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEVEDO GARCIA (A No. 244 385 297),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATES ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-02213-DC-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 10) |

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 9, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  On April 15, 2026, Respondents filed objections to the findings and recommendations.  (ECF No. 11.)  Respondents object for the reasons stated in their previous briefing.  (*Id.*)  However, those objections were previously addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in

1

order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are ADOPTED in full;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED;

3. Petitioner shall be immediately released from custody;

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered;

5. This order does not address the circumstances in which the government may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and

---

[1]  A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).

2

Petitioner receives notice of that final order of removal;

6.  The Clerk of Court is directed to serve the Golden State Annex Detention Facility with a copy of this Order; and

7. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.


IT IS SO ORDERED.

Dated:    **April 30, 2026**

Dena Coggins
United States District Judge

3